UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    Case No. 1:06-cr-24-01
                                                      HON. ROBERT HOLMES BELL

MONICA MANGO,

      Defendant.

_____/

**OPINION**

      Presently before the Court is a Motion for Reconsideration of Detention Order filed by defendant Mango.  The Government has filed a response to the motion and a hearing was held on March 8, 2007.  Testifying at that hearing were defendant Monica Mango and Detective Teresa Lewis.  At the conclusion of the hearing, I indicated that it was my intention to release defendant Mango to the custody of her mother.  Before the defendant could be released, I felt it was necessary that defendant's mother be placed under oath and that I ask her certain questions to assure the Court that she could act as a proper custodian.  I have returned to Marquette, Michigan, and Magistrate Judge Ellen Carmody has agreed to handle any further proceedings on the issue of defendant Mango's release pending trial.  Accordingly, I am issuing this Opinion to clarify the status of defendant's request for reconsideration of detention order.

      The Indictment in this matter was filed on January 26, 2006, and a warrant was issued for the arrest of defendant Mango on that same date.  The Indictment charged defendant Mango with Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of a Substance Containing a Detectable Amount of Crack Cocaine in Count 1 and Distribution of Crack Cocaine in

Counts 2, 3, 4, 7 and 8. Also charged in the Indictment was James Lee Callahan, Jr. Defendant Mango was arrested in California on January 10, 2007, and was detained in that district by order of United States Magistrate Judge Robert N. Block. The court in California indicated that defendant Mango had an unstable residence pattern, minimal ties to the State of California, a lack of adequate bail resources, prior instances of non-compliance with court orders, and "some evidence defendant fled to avoid prosecution." The court in California also detained defendant as a danger to the community based on the nature of the allegations and her history of drug abuse. That order was issued on December 21, 2006. Thereafter, defendant was transported to the United States District Court for the Western District of Michigan, Southern Division. Defendant Mango appeared before United States Magistrate Judge Carmody on January 16, 2007, and was informed that if new evidence arose she could file a motion to reopen detention. Attorney Paul Denenfeld was appointed to represent defendant Mango on or about February 9, 2007. Thereafter, defendant filed this motion for release from custody. According to defendant Mango, release is appropriate in this matter based on the new evidence that defendant Mango's mother, Ms. Susan Kennedy, who is a juvenile corrections officer, has expressed a willingness to act as third party custodian should defendant Mango be released to her custody.

The Government maintains that there is not new evidence which would justify reopening the detention hearing as permitted by 18 U.S.C. § 3142(f)(2). The statute provides that "the hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists which was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person in the community." 18 U.S.C. § 3142(f)(2).

- 2 -

I find that new evidence does exist justifying the reopening of the detention hearing. First, defendant Mango's mother has indicated a willingness to act as custodian should the Court release the defendant. Second, I received the testimony of Detective Teresa Lewis at the detention hearing, which provided new evidence regarding the nature of the offense, as well as the alleged danger presented to the community by the defendant. In addition, since the hearing held in California, the parties have entered into a proposed plea agreement which provides additional evidence regarding the nature and circumstances of the offense charged and the weight of the evidence against the defendant.

The Government maintains that the defendant poses an unreasonable risk of flight even if her mother is offered as third party custodian. The evidence presented at the hearing establishes that in October of 2005, defendant Mango became aware that her conduct was under investigation by law enforcement. The Government offered the testimony of Detective Lewis, which established that telephone calls were made by defendant Mango to Detective Lewis, which establishes that defendant was aware that her conduct was under investigation and that Detective Lewis was somehow assisting law enforcement. No effort was made to arrest defendant Mango in October, November or December of 2005. Defendant continued to live in the Lansing area and continued to work where she had worked prior to October of 2005. The Indictment in this matter was returned in January of 2006. The unrebutted testimony of the defendant establishes that she continued to reside in Lansing and worked at the same establishments she had worked at throughout the Fall of 2005. Detective Lewis testified that she made some efforts to arrest defendant Mango between January and April of 2006. However, those efforts were not fruitful. Having heard the testimony of Detective Lewis, I conclude that defendant Mango's arrest was not a particularly high

priority of law enforcement.  Some six months after she became aware she was under investigation for her drug activity, defendant moved to California.

Having heard the testimony of defendant Mango and Detective Lewis, I find that there is not a substantial risk that defendant will flee pending further proceedings in this action.  The record does not establish a history of failure to appear for court proceedings.  Moreover, defendant's action in moving to California in April of 2006 is not viewed by this Court as an effort to flee prosecution.  People who are seeking to avoid prosecution do not wait six months to flee the jurisdiction.

The Government next contends that defendant Mango presents a danger to the community and that the Government is entitled to a rebuttable presumption because of the nature of the offense.  The Government is entitled to a rebuttable presumption because defendant has offered a plea to a controlled substances offense identified in the statute.  18 U.S.C. § 3142(d).  I find that defendant has rebutted the presumption in this case.  At the plea hearing and the detention hearing held in this matter, it was established that defendant Mango was involved in four to five drug sales during the course of this drug conspiracy.  Defendant plead guilty to a drug deal involving just over 50 grams of crack cocaine and the plea agreement establishes that the Government and the defendant agree that she is responsible for distributing between 50 and 150 grams of crack cocaine.  There is no evidence that defendant Mango was involved in a wide ranging or extensive conspiracy to distribute crack cocaine.  Furthermore, there is no evidence that she has continued such activity since she became aware her conduct was under investigation in the Fall of 2005.  Moreover, defendant has no prior criminal history other than an incident as a juvenile for truancy.

The Government appeared to argue that defendant Mango presented a danger to the community because she was a bad driver.  Other than the testimony of Detective Lewis that the

- 4 -

defendant drove a car which was in bad condition, there was little or no support for this argument. The Government next argued that defendant should be detained because she threatened a government witness. The transcript of two telephone conversations, as well as the tape of those conversations, were presented at the hearing. I do not find that the defendant threatened a government witness in those conversations. Those conversations are the conversations of a young woman who felt betrayed by someone she had been dealing with and was angry that her boyfriend had been arrested. There is no suggestion, nor any evidence, to support a claim that defendant Mango threatened a government witness. Furthermore, the Government's action does not support its claim that the defendant had threatened a government witness. If in fact the defendant had threatened a government witness, the Government would not have waited months to seek the arrest of the defendant.

Accordingly, I find that the evidence of record does not justify detaining defendant Mango pending the Court's consideration of the proposed plea agreement offered in this matter. Defendant's release pending sentencing does not present a serious risk that defendant will flee or pose a danger to the community. If Ms. Kennedy appears to be an appropriate custodian, I would release defendant Mango to her custody.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  March 12, 2007